**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**ST. LOUIS DIVISION**

| | |
|---|---|
| JEFFREY KELLOUGH, et al., individually and on behalf of all others similarly situated )<br><br>Plaintiffs, )<br><br>v. )<br><br>WESTGATE RESORTS, LTD., et al. )<br><br>Defendants. ) | CASE NO.: 4:20-cv-00711 |
| JOHN HAMBACKER, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>WESTGATE RESORTS, LTD., et al. )<br><br>Defendants. ) | CASE NO.: 4:20-cv-00833 |

**HAMBACKER DEFENDANTS' MOTION TO DISMISS**
**AND MOTION TO STRIKE HAMBACKER PLAINTIFFS' "PETITION"**

Defendants Westgate Resorts, Ltd.,[1] Central Florida Investments, Inc., Westgate Resorts, Inc., Westgate GV Sales & Marketing, LLC, Westgate Vacation Villas, LLC, and CFI Resorts Management, Inc. (collectively, where appropriate, "Westgate" or "Defendants"), pursuant to Rules 12, move to dismiss for numerous reasons, including insufficient service of process, lack of personal jurisdiction, improper venue, mandatory arbitration for some Plaintiffs, failure to state a claim for which relief may be granted, and impermissible shotgun pleadings. Defendants further move to strike immaterial, impertinent, and scandalous matters, and Defendants respectfully show unto the Court as follows:

---

[1] Improperly named as "Westgate Resorts, Ltd., L.P."

**I.**

Plaintiffs are approximately 165 sets of unrelated timeshare purchasers who have joined themselves together in what they claim is a "mass action." DE1. Notably, Plaintiffs' counsel recently filed a separate action before this action, naming the same improper entities as Defendants, and asserting identical claims on behalf of 30 different sets of unrelated timeshare purchasers, but claiming it was a "class action." *Kellough, et al. v. Westgate Resorts, Ltd., et al.*, Cause No. 4:20-cv-00711 in the U.S. District Court for the Eastern District of Missouri.[2] To the extent the *Kellough* action could ever be certified as a class action—which is denied, and which Defendants addressed in their motion to dismiss and strike in *Kellough*—the plaintiffs in this action that might otherwise be included in the Kellough class are apparently and presumptively opting-out of any class action. Setting aside the overlapping and fundamental problems in prosecuting both *Kellough* and this action, and the ethical issues facing Plaintiffs' counsel in that regard, this action, like the *Kellough* action, should be dismissed for numerous reasons.

Plaintiffs here assert fraud-related claims in individualized efforts to avoid their legally-binding contracts. The supposed fraud is based on alleged *verbal* misrepresentations and omissions that directly contradict *written* disclosures and documents that Plaintiffs personally *initialed* and *signed*, and that were somehow concealed from them. There are approximately 165 sets of timeshare purchaser Plaintiffs, from 39 different states, who own timeshare interests at a combined 20 different timeshare resorts located in 9 different states. Defendants have identified the majority, but not all, the accounts associated with Plaintiffs. And a small number of the Plaintiffs do not actually own a timeshare, but instead have vacation occupancy agreements, which are functionally and legally distinct from timeshares. In any event, only 4 of the 165 sets

---

[2] The complaint here was cut and paste from the complaint in *Kellough*, and in many instances, the *Kellough* plaintiffs' names were not even changed to the names of the plaintiffs in this action. *E.g.,* DE1 at ¶¶ 339 – 368.

of Plaintiffs are from Missouri, and only 21 of the timeshare interests at issue are in Missouri. Those 21 timeshare interests in Missouri are at two different timeshare resorts, both of which are outside this district, in Taney County, Missouri: (1) Westgate Branson Woods; and (2) Roark at Emerald Pointe Condominiums a/k/a Westgate Branson Lakes.  Moreover, Plaintiffs generally did not sue the entities that sold them the timeshares at issue.  Instead, the only Defendant who had any involvement with the subject matter of Plaintiffs' complaints in Missouri was Westgate Resorts, Inc.

All Defendants are Florida companies with their principal places of business in Florida, and they are not "at home" in Missouri.  Other than Westgate Resorts, Inc., Defendants have no contacts in Missouri that give rise to Plaintiffs' claims, and Defendants are not subject to personal jurisdiction in Missouri.  Venue is also improper in this Court because Defendants do not reside in Missouri, the property at issue is not located in this district, and the alleged acts or omissions did not occur in this district.  Moreover, Plaintiffs all signed an agreement establishing venue in Orange County, Florida.  Having sued the wrong Defendants, in the wrong state, where they are not subject to jurisdiction, it is no surprise that Plaintiffs also failed to obtain sufficient service of process.  The purported registered agents that Plaintiffs' served were, in fact, not Defendants' registered agents because four of the six Defendants do not have registered agents in Missouri.  Several Plaintiffs, and all purchasers beginning in February 2018, also signed mandatory arbitration agreements and mass action waivers, which at least as to those Plaintiffs, further establishes this is an improper venue.

Plaintiffs' complaint also fails to state a claim for which relief may be granted, for numerous reasons, including that Plaintiffs claims are barred by the documents and disclosures

3

Plaintiffs signed, Plaintiffs allege inapplicable statutory claims, and Plaintiffs failed to adequately allege facts to support their claims or their limitations tolling theories.

Plaintiffs' complaint also attempts to assert 10 distinct causes of action against 6 entity Defendants.  Each count incorporates all allegations in the remainder of the complaint that is over 100 pages, and Plaintiffs do not distinguish between Defendants in any way, alleging generally that all Defendants committed all the alleged acts and omissions about which they complain.  This is an impermissible shotgun pleading.  For these reasons, and as set forth in the attached memorandum, Plaintiffs' claims should be dismissed.

## II.

Plaintiffs' complaint is also rife with immaterial, impertinent, scandalous and otherwise improper allegations that should be stricken, including Plaintiffs' jury demand.  As set forth in the attached memorandum, portions of Plaintiffs' complaint should alternatively be stricken.

DATED this 11th day of September, 2020.

>   GREENSPOON MARDER LLP
>
>   By: */s/ B. Eliot New*
>   B. Eliot New (FL Bar No. 1008211)
>   Richard W. Epstein (FL Bar No. 229091)
>   (pro hac vice)
>   Jeffrey A. Backman (FL Bar No. 662501)
>   (pro hac vice)
>   200 East Broward Boulevard
>   Suite 1800
>   Fort Lauderdale, FL  33301
>   Telephone: (954) 491-1120
>   Eliot.new@gmlaw.com
>   Richard.epstein@gmlaw.com
>   Jeffrey.backman@gmlaw.com

    and

ARMSTRONG TEASDALE LLP
Christopher R. LaRose  (#59612MO)
Daniel R. O'Brien      (#69258MO)
7700 Forsyth Blvd., Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 621-5065
clarose@atllp.com
dobrien@atllp.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing with the Clerk of Court via CM/ECF on September 11, 2020.  I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

*/s/ B. Eliot New*
B. Eliot New